# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3176

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| | * | |
| Clifford Dallisser Sinclair, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 8, 2007
Filed: January 31, 2007

_____

Before MURPHY and SMITH, Circuit Judges, and READE,[1] District Judge.

_____

MURPHY, Circuit Judge.

Clifford Dallisser Sinclair was convicted by a jury of one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326, and the district court[2] sentenced him to twenty one months imprisonment. He appeals, arguing that he was

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

arrested illegally, that the evidence seized during his arrest should have been suppressed, and that his criminal history was improperly calculated. We affirm.

Sinclair does not dispute that an arrest warrant was issued before his arrest, but he contends that his arrest was illegal because he was neither shown an arrest warrant before he was taken into custody nor told that a warrant existed, citing Federal Rule of Criminal Procedure 4(c)(3)(A). There was conflicting testimony about the arrest at the suppression hearing. Special Agent Craig Scherer of the Bureau of Immigration and Customs Enforcement testified that he showed Sinclair the warrant before he arrested him and that this was consistent with his routine practice. Scherer also described in detail the type and color of the folder in which he had carried the warrant during the arrest. The magistrate judge who presided over the hearing expressly found Scherer more credible than Sinclair, and the district court adopted the magistrate's findings. A trial court is in the best position to evaluate the credibility of witnesses, and its findings on credibility are "virtually unreviewable on appeal." United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995) (district court did not clearly err by crediting witness who contradicted another's testimony). We conclude that Sinclair's arrest was not illegal and not in violation of Rule 4(c)(3)(A). There is therefore no need to address his claim that the resulting evidence should be suppressed.

Sinclair also challenges the use of a conviction for simple assault in calculating his criminal history because he was not represented by counsel during the state court proceeding on the assault charge. A state conviction for which the defendant did not have counsel may be used to enhance a sentence if "counsel was validly waived or was not otherwise constitutionally required." United States v. Early, 77 F.3d 242, 245 (8th Cir. 1996) (per curiam) (applying Nichols v. United States, 511 U.S. 738 (1994) and upholding criminal history calculation that included uncounseled state conviction when district court found defendant had waived right to counsel). The district court examined the state court judgment and found it demonstrated that Sinclair had waived his right to a lawyer. We conclude the district court did not err in including this conviction in Sinclair's criminal history calculation.

Accordingly, we affirm the judgment of the district court.

_____