# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No.  08-2544

———————

United States of America,              \*

                                          \*

             Plaintiff – Appellee,    \*

                                          \*   Appeal from the United States

        v.                               \*   District Court for the

                                          \*   District of Nebraska.

Luis Perez-Ruiz, also known as Julian   \*

Ramirez,                                   \*   [UNPUBLISHED]

                                          \*

           Defendant – Appellant.    \*

———————

Submitted: March 9, 2009
Filed:  April 27, 2009

———————

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Luis Perez-Ruiz was indicted for possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1).  After his motion to suppress evidence was denied, he pled guilty and the district court[1] sentenced him to sixty months.  He now appeals, arguing that his girlfriend Hilda Zamora did not

---

[1]The Honorable Lyle Strom, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable F.A. Gossett, United States Magistrate Judge for the District of Nebraska.

voluntarily consent to the searches of her vehicle and residence where the drugs and paraphernalia were found. We affirm.

Perez-Ruiz's indictment arose from evidence police obtained during the searches of Zamora's truck and residence. On the day of the searches, Perez-Ruiz had gone with Zamora and her young child in her truck to a car wash parking lot for a delivery of drugs. Officers had received information from a reliable informant that a drug deal was about to occur in the parking lot and had assembled a surveillance team there. The informant's information included the truck's color and its location, which matched that of Zamora's vehicle in the car wash parking lot. The officers believed that a large amount of methamphetamine would be present which led them to assume that Perez-Ruiz would likely have a weapon. The informant accompanied the officers during the surveillance and called Perez-Ruiz to confirm that he was at the car wash with the narcotics.

Officers approached the truck, handcuffed Perez-Ruiz and Zamora, and moved her young child to a safe position. They requested permission in English to search Zamora's truck. She consented in English to the search, and officers discovered between two and three ounces of methamphetamine in the truck. Perez-Ruiz, Zamora, and the child were then transported to the police station. Once at the police station, Zamora gave verbal consent in English for officers to search her residence and provided officers with a key to her home. Zamora and her child accompanied officers to the residence where officers found a digital scale, plastic zip lock baggies, a 22 caliber Remington live round, and photographs of gang members displaying gang signs.

Perez-Ruiz moved to suppress the evidence on the basis that Zamora's consent was not voluntary. The district court denied the motion, determining that the officers did not intimidate or coerce Zamora and that her consent to both searches was voluntary. Perez-Ruiz appeals. He argues that Zamora's consent to search her vehicle

was not voluntary because at the time she gave it officers had drawn guns and she was handcuffed. He also contends that Zamora only consented out of fear that the officers would place her child in foster care if she failed to comply with their demands and that Zamora was not sufficiently fluent in English to give knowing or voluntary consent.

We review the district court's decision that Zamora's consent was voluntary for clear error. See United States v. Mancias, 350 F.3d 800, 804 (8th Cir. 2003). In determining whether the consent was voluntary, courts consider "totality of the circumstances, including characteristics of the accused and details of the interrogation." United States v. Luna, 368 F.3d 876, 878 (8th Cir. 2004).

The district court's decision rested largely on the relative credibility of Zamora and the officers at the scene. See United States v. Sinclair, 474 F.3d 1148, 1149 (8th Cir. 2007) (stating that the magistrate judge is in the best position to evaluate the credibility of witness testimony). The officers credibly testified that Zamora had strong or even "perfect English," that she agreed to the searches, and that no threats or promises were made to obtain her consent. Moreover, she willingly gave her house key to the officers for the search. Zamora consented in a public place, was present and coherent during both searches, and never revoked her consent. See United States v. Mitchell, 205 F.3d 1348, 1348 (8th Cir. 1999) (per curiam).

While officers approached the truck with weapons drawn, removed Zamora's child from the area, and handcuffed Perez-Ruiz and Zamora, these actions do not preclude a finding of voluntariness. United States v. Comstock, 531 F.3d 667, 677 (8th Cir. 2008) (finding that the use of handcuffs is not determinative of the voluntariness of consent); see United States v. Smith, 973 F.3d 1374, 1375 (8th Cir. 1992) (holding that a search was not coerced when officers entered the premises with their guns drawn); United States v. Lee, 886 F.2d 998, 1001 (8th Cir. 1989) (relying on a magistrate's credibility determination that woman's consent was not based on fear that her children would be taken from her). We conclude that the district court

considered the totality of the circumstances and did not clearly err in determining that Zamora voluntarily consented to both searches.

We accordingly affirm the judgment of the district court.

_____